PER CURIAM.
By three separate informations, John James Bell was charged in the Criminal Court of Record of Palm Beach County, Florida, with having committed, in November 1971, violations of the narcotics law (No. 72C-793) and violations of the drug abuse law (Nos. 71C-1881 and 71C-1946). He pled guilty to possession of heroin (No. 72C-793), delivery of PCP (71C-1881, and possession of PCP (71C-1946), for which he received sentences of two years, one year, and one year eleven months twenty-three days, respectively.
After the decision of the Supreme Court in State v. Camil, Fla.1973, 279 So.2d 832, Bell filed a motion to vacate the judgment and sentences on the drug abuse violations on the grounds that at the time of the alleged offenses PCP was not an illegal drug under F.S. Chapter 404, F.S.A., and hence the informations did not charge a crime. The motion to vacate was denied and Bell filed petition for writ of habeas corpus in this court, alleging that his right to appeal from such denial had been frustrated by state action. We issued to respondent a rule to show cause why petitioner not be entitled to delayed appellate review of such order. The response to the rule, while making no reference to the issue of whether petitioner is now entitled to delayed appellate review, concedes that the informa-tions in No. 71C-1881 and No. 71C-1946 charge no crime under the laws of Florida and that the judgment and sentences entered thereon should be vacated.
Under the circumstances, it is apparent that justice requires that we vacate the respective judgments and sentences in No. 71C-1881 and 71C-1946. Time served by petitioner in custody of respondent shall be credited on any other judgment and sentence under which respondent has lawful custody of petitioner, including sentence in No. 72C-793, and petitioner’s entitlement to discharge from custody shall be computed accordingly.
It is so ordered.
WALDEN, MAGER and DOWNEY, JJ., concur.